UNITED STATES DISTRICT COURT

MASSACHUSETTS DISTRICT

NO.

# 04-10732 JLT

RECEIPT # 55144
AMOUNT $ 5 —
SUMMONS ISSUED —
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 4-12-04

MICHAEL CAPUTO
Petitioner

VS.

KENNETH NELSON
Superintendent, Bridgewater State Hospital

## MEMORANDUM – GROUND ONE

The police ask for permission to enter the defendant's home <u>to talk to him</u>. The scope of the consent requested was limited by the police request. The sole reason expressed by the police was to talk. The request placed limits on the authority sought. The defendant granted the request.

Once inside the police gave the defendant his <u>Miranda</u> warnings. When asked if he wished to speak to the police, the defendant said he did not wish to speak to them.

"It is well established that any intrusion upon a constitutionally protected privacy interest without a proper warrant is 'per se unreasonable under the Fourth Amendment subject only to a few specifically established exceptions.' [citations omitted]." <u>U.S. v. Donlin</u>, 982 F2nd 31, 33 (1st Cir. 1992). " Consent to a search is one of the exceptions which obviates the need for a warrant." <u>Donlin,</u> supra at 33.

After the defendant chose not to talk, the police remained in the home. After several minutes passed the defendant asked the police the identity of the deceased. The Plymouth police said they did not know but Boston police were enroute and wished to talk to the defendant. The defendant again claimed the privilege by saying he did not want to incriminate himself and did not want to talk to Boston police. Thus when the defendant twice expressed his desire to remain silent and thereby indicated that he would not talk, the limits of the consent were reached and the authorization to be in the dwelling ended.

Michael Caputo vs. Kenneth Nelson
Memorandum – Ground One
Page 2 of 4.

In <u>Florida v. Jimeno</u>, 500 U.S. 248, 250 (1990) Chief Justice Rehnquist writes,

> The touchstone of the Fourth Amendment is reasonableness...Thus, we have long approved consensual searches because it is no doubt reasonable for the police to conduct a search once they have been permitted to do so. [citations omitted] The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of "objective" reasonableness-what would the typical reasonable person have understood by the exchange between the officer and the suspect? ... The scope of a search is generally defined by its expressed object.

The express object of the police entry was to talk to the defendant. When it became clear that the defendant would not talk, the reason for the entry ended, along with the authority to be present inside the dwelling. A consent search is reasonable only if kept within the bounds of the actual consent. <u>U.S. v. Dichiarinte</u>, 445 F2nd 126, 129 (1971).

Here the police obtained consent to enter for the expressed and limited purpose to talk. Once inside, they were told that the purpose was not going to occur as the defendant told them twice of his desire to remain silent. After giving the defendant Miranda warnings twice, the police ask if the defendant will talk . The police recount, "[H]e didn't want to speak to us." The police ignore the claim and remain inside. The defendant asks what is the problem, what has happened?  The police explain the situation and inform the defendant that Boston wants to speak to him. The defendant responds that he does not want to incriminate himself and he did not want to say anything.

In spite of the defendant's claim of privilege thereby ending the authority to enter, the police remain and in effect set up a base of operations in the house. The police acknowledge that the purpose for the visit was twofold, locate the defendant and make him available for Boston police to question (i.e. to seize the person of the defendant to the extent necessary to make him available to Boston).

Michael Caputo vs. Kenneth Nelson
Memorandum-Ground One
Page 3 of 4.

The following colloquy with the police is most enlightening:

Q. Why didn't you leave immediately upon determining that he was Michael Caputo and he was where you expected him to be?

A. We didn't leave because the Boston police had requested that we go there; if he was located, to notify them, so they could question him.

When they entered that house, given that the defendant was the prime suspect in a double homicide, and in light of the above response, the police intended to and did seize the defendant. Government agents may not obtain consent to search on the representation that they intend to look only for certain specified items and subsequently use that consent as a license to conduct a general exploratory search. U.S. v. Turner, 169 F.3d 84, 87 (1st Cir. 1999). In Dichiarinte supra 129 nt. 3 the court opines,

> In our view, consent is a waiver of the right to demand that government agents obtain the authorization of a warrant to justify their search; and the need for a warrant is waived only to the extent granted by the defendant in his consent. A defendant's consent may limit the extent or scope of a warrantless search in the same way that the specifications of a warrant limit a search pursuant to that warrant.

The police ignore the defendant's claim of privilege and go on to say that they will get more information from the station regarding the Boston investigation and relay that information to the defendant. The police ignore the defendant and his federal constitutional rights. Continuing to overstay their welcome, two detectives go outside to search, leaving two uniformed officers inside, without authority. The detectives return and make a second call to the station. During this second call the defendant makes an incriminating statement, which leads to another statement at the police station.

Michael Caputo vs. Kenneth Nelson
Memorandum –Ground One
Page 4 of 4.

These statements were obtained as a direct benefit from the violation of the defendant's rights as guaranteed by the Fourth Amendment to the U.S. Constitution and therefore must be suppressed.

> When a purpose is included in the [officer's] (sic) request, then the consent should be construed as authorizing only that intensity of police activity necessary to accomplish the stated purpose. Wayne R. LaFave, Search and Seizure § 8.1 ( c ), at 620 (3rd ed. 1996). Turner, supra at 88.

Respectfully submitted,

John J. Courtney
90 Salem Street
Malden, MA 02148
781-321-5700

UNITED STATES DISTRICT COURT

MASSACHUSETTS DISTRICT                               NO.
                                               **04-10732 JLT**

MICHAEL CAPUTO,
Petitioner

Vs.

KENNETH NELSON,
Superintendent, Bridgewater State Hospital

**MOTION FOR DEFENDANT TO BE PRESENT AT HEARING**

Now comes the petitioner in the above matter and hereby moves this Honorable Court to issue process to secure his presence in Court at the hearing on his Petition Under 28 USC § 2254 For Writ of Habeas Corpus.

As reason therefore, the defendant states that he is entitled to be present, that he feels his presence will assist counsel and his presence will assist the Court.

WHEREFORE, he moves this motion be allowed.

                                    Michael Caputo
                                    By His Attorney,

                                    John J. Courtney BBO#102460
                                    90 Salem Street
                                    Malden, MA  02148
                                    781-321-5700

PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

AO 241 (Rev. 5/85)

# United States District Court

**District:** Massachusetts

**Name:** Michael P. Caputo
**Prisoner No.:** W-50194
**Case No.:** 04-10732 JLT

**Place of Confinement:** Bridgewater State Hospital, Bridgewater, MA

**Name of Petitioner** (include name under which convicted): Michael P. Caputo

**Name of Respondent** (authorized person having custody of petitioner): Kenneth Nelson

V.

**The Attorney General of the State of:** Massachusetts

## PETITION

1. Name and location of court which entered the judgment of conviction under attack: Suffolk Superior Court, 90 Devonshire Street, Boston, Massachusetts

2. Date of judgment of conviction: March 21, 1991

3. Length of sentence: 2 life sentences to be served consecutively

4. Nature of offense involved (all counts): 2 counts Murder First Degree

5. What was your plea? (Check one)
   (a) Not guilty  ☒
   (b) Guilty  ☐
   (c) Nolo contendere  ☐
   If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury  ☒
   (b) Judge only  ☐

7. Did you testify at the trial?
   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

(2)

AO 241 (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court __Supreme Judicial Court, Massachusetts__

   (b) Result __Judgements Affirmed__

   (c) Date of result and citation, if known __April 15, 2003__

   (d) Grounds raised _____

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

     (1) Name of court __Not Applicable__

     (2) Result _____

     (3) Date of result and citation, if known _____

     (4) Grounds raised _____

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

     (1) Name of court __Not Applicable__

     (2) Result _____

     (3) Date of result and citation, if known _____

     (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
   Yes ☒     No ☐

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court __Supreme Judicial Court, Massachusetts__

     (2) Nature of proceeding __Motion For New Trial__

     (3) Grounds raised __Ineffective assistance of counsel at sentencing and at Motion To Suppress Statements__

AO 241 (Rev. 5/85)

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
   Yes ☐      No ☒

(5) Result _____ Denied _____

(6) Date of result _____ February 26, 1996 _____

(b) As to any second petition, application or motion give the same information:

   (1) Name of court _____ Not Applicable _____

   (2) Nature of proceeding _____

   _____

   (3) Grounds raised _____

   _____

   _____

   _____

   _____

   _____

   (4) Did you receive an evidentiary hearing on your petition, application or motion?
      Yes ☐      No ☐

   (5) Result _____

   (6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
   (1) First petition, etc.      Yes ☒      No ☐
   (2) Second petition, etc.     Yes ☐      No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.
   Caution: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(h) Denial of right of appeal.

A. Ground one: Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

Supporting FACTS (state *briefly* without citing cases or law): Six Plymouth police officers went to defendant's house at the request of Boston police as defendant was the prime suspect in a double murder. In response to police knocking the defendant came out his front door, closed the door behind him, and asked what the police wanted. The police requested permission to go inside to talk. The defendant acquiesced. Once inside, the police read the Miranda warnings to the defendant. In response the defendant twice stated that he did not wish to talk to the police. Since the consent to enter was expressly limited by the police request to talk, the police should have left the home after the defendant exercised his right to remain silent. The police remained in the home, where the defendant eventually engaged them in conversation. This conversation led to a series of incriminating statements by the defendant while in the home and later at the police station.

B. Ground two: Conviction obtained by a violation of the privilege against self-incrimination.

Supporting FACTS (state *briefly* without citing cases or law): After the police obtained the defendant's consent to enter his house to talk, the police read the defendant his Miranda rights. The defendant said he did not want to speak to the police. After several minutes pass, the defendant asks the police the identity of the deceased, The Plymouth police do not know but tell the defendant the Boston police want to talk to him. The defendant again expresses his desire to remain silent by stating he did not wish to incriminate himself and he didn't want to say anything. The police remain in the house. The police ask to use the phone to call the station to get more information which they will pass on to the defendant. While the police make the phone call, the defendant makes a statement which is incriminating.

(5)

 C. Ground three: __Conviction obtained by a violation of the privilege against self incrimination.__

  Supporting FACTS (state *briefly* without citing cases or law) __After giving an incriminating statement at the house the defendant is asked to go to the police station to discuss his statement in a more detailed manner. The defendant agrees. After signing a Miranda waiver at the station, he expands on the statement he gave at the house.__

 D. Ground four: ____

  Supporting FACTS (state *briefly* without citing cases or law) ____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: ____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
 Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

 (a) At preliminary hearing ____

 (b) At arraignment and plea __J.W. Carney, Boston, Massachusetts__

(6)

AO 241 (Rev. 5/85)

(c) At trial   J. W. Carney, Boston, Massachusetts

(d) At sentencing   J. W. Carney, Boston, Massachusetts

(e) On appeal   John J. Courtney, Malden, Massachusetts

(f) In any post-conviction proceeding

(g) On appeal from any adverse ruling in a post-conviction proceeding   John J. Courtney, Malden, Massachusetts

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
Yes ☒   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☒
   (a) If so, give name and location of court which imposed sentence to be served in the future:

   (b) Give date and length of the above sentence:

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
   Yes ☐   No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____John J. Courtney_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

__4-10-04__
   (date)

_____Michael P. Caputo_____
Signature of Petitioner

(7)