UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---------------------------------------------------------x

MICHAEL CAPUTO,

           Petitioner,                                    Civil Action No. 04-10732-JLT

Vs.

KENNETH NELSON,

           Respondent

---------------------------------------------------------x

**PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF HIS PETITION
FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254**

**ARGUMENT  I**

**The Petitioner concedes his fourth amendment claim raised in Ground One is barred from habeas review by Stone v. Powell.**

      The argument in respondent's brief as to ground one is correct.  Accordingly, Ground

One of the petitioner should be dismissed.

**ARGUMENT  II**

**The Massachusetts Supreme Judicial Court's Decision on the Petitioner's Claim Regarding the Voluntariness of his Statements was an Unreasonable Application of Established Federal Law.**

      Grounds Two and Three of the petition rest on the allegation that the petitioner's

conviction was obtained through evidence which was obtained in violation of the privilege

against self-incrimination contained in the Fifth Amendment.  The petitioner argues that he did

not voluntarily waive his rights under Miranda V. Arizona, 384 U.S. 436, 478, 86 S. Ct. 1602, 16

Ed. 2nd 694 (1966), and that the statements he gave to the police were not the product of a voluntary waiver of his right against self-incrimination. A review of the record and the governing law demonstrate that the SJC's decision was an unreasonable application of established Supreme Court precedent on this issue.

1.  Supreme Court Authority Governing the Claim Regarding the Privilege Against Self-Incrimination.

A person who has been taken into custody or has otherwise been deprived of his freedom of action in any significant way must receive several warnings including that he has a right to remain silent, if the police intend to interrogate him. Miranda, supra, 444. If the person exercises his right to remain silent, "...the adminissibility of statements obtained after the person in custody has decided to remain silent depends under Miranda on whether his 'right to cut off questioning' was 'scrupulously honored'. " Michigan v. Mosley, 413 U.S. 96, 104 (1975).

After a claim of silence is made, the police cannot engage in express questioning nor its functional equivalent.

> " 'Interrogation' as conceptualized in the Miranda
> opinion, must reflect a measure of compulsion above
> and beyond that inherent in custody itself. We conclude
> that the Miranda safeguards come into play whenever
> a person in custody is subjected to either express
> questioning or its functional equivalent. That is to say,
> the term 'interrogation' under Miranda refers not only
> to express questioning, but also to any words or actions
> on the part of the police (other than those normally
> attendant to arrest and custody) that the police should
> know are reasonably likely to elicit an incriminating

2

> response from the suspect. The latter portion of this
> definition focuses primarily upon the perceptions of
> the suspect, rather than the intent of the police...
> A practice that the police know is reasonably likely
> to evoke an incriminating response from a suspect
> thus amounts to interrogation."
> Rhode Island v. Innis 446 U.S. 291, 300, 301 (1979).

2. The SJC's Rejection of the Claim that the Trial Court Erred in Not Suppressing the Petitioner's Statements to Police was an "Unreasonable Application of the Controlling Supreme Court Authority.

Measured against the controlling Supreme Court authority outlined above the

Massachusetts SJC's decision rejecting the petitioner's motion to suppress was an

"unreasonable application of "controlling Supreme Court precedent."

A comparison of the SJC ruling in Commonwealth v. Michael Caputo 439 Mass.

153 (2003) (listed as Exhibit 8 in the respondent's Supplemental Answer) with the

Memorandum of Decision on Defendant's Motion to Suppress Evidence and Statements

in Commonwealth v. Michael Caputo (listed as Exhibit 3 in respondent's Supplemental

Answer) establishes that the SJC does not take in account all the facts that exists leading

up to the petitioner making his initial statement to the police. At p. 4 of Exhibit 3 the trial

court finds after the two sergeants entered the Caputo home and before giving Caputo

Miranda warnings, "One of the sergeants informed Michael Caputo that they were

checking on a double homicide in Boston on behalf of the Boston police department and

that they would like to talk to Caputo about it." Still no Miranda. "Caputo asked the

officers who died. Sgt. Dorman informed him he did not know but that he would like to

interview him about it." Up to this point the police have given Caputo some information;

he has asked for more information; the police say they would like to talk about the

3

information that they do not yet possess i.e. the identity of the two deceased.

This exchange clearly anticipates future conversation, i.e. when the police obtain the as yet unknown information.

After laying this ground work for a future question-answer session, the police give Caputo Miranda. He claims his right to remain silent.

The SJC opinion (Exhibit 9) goes on stating that after a brief interval following Miranda, Sgt. Forman asks to use the defendant's telephone. After the phone call [and after the defendant claimed his right to silence] Morse informed the defendant that the police at the station whom he just called could supply no further information about the crimes but that someone at the station "was going to get back to me." In footnote 7 the SJC notes that Morse testified he wanted to find out more information about the investigation to pass along to the defendant. Thus, after Caputo claims silence the police continue a conversation with him by seeking information to answer his already posed question and then by telling him the station will get back to us with the requested information. These events establish that the police will continue to converse with Caputo by passing on information to Caputo as they receive it. The police statements establish that even though we cannot question you, we will continue to answer your already asked question. It is absurd to suggest that in this setting, the police act of passing on the names of the deceased parties and any other newly developed information was not likely to elicit an incriminating response from the defendant. This is not police actions normally attendant to arrest and custody.

4

In normal arrest and custody settings the police do not normally continue to answer questions for a suspect claiming silence because all questioning must cease. Here it does not cease, rather it continues with the promise of more to come.

Thus when the police make the second phone call it is done in a setting where Caputo has already been told the conversation will continue. The police will obtain updated information and will pass it on obviously causing Caputo to respond, a clear violation of Miranda.

Finally the SJC found that because they rejected his claims that his statements to the police at his home should have been suppress, they need not consider his argument that his later statements should have been suppressed as "fruits of the poisonous tree." Wong Sun v. United States 371 U.S. 471 (1963). Thus the SJC did not apply the Wong Sun doctrine because of their incorrect application of the Miranda doctrine.

Thus the SJC's denial of the petitioner's appeal of his conviction was "arbitrary and without support in the record, reaching an increment of incorrectness beyond error...great enough to make the decision unreasonable in the independent and objective judgment of the federal court." McCambridge v. Hall, 303 F. 3d 24, 37 (lst Cir. 2002).

## CONCLUSION

For the forgoing reasons the petitioner requests that this Court allow the petition for a writ of habeas corpus.

Respectfully submitted,

John J. Courtney
90 Salem Street
Malden, MA  02148
(781) 321-5700

5

Dated:  August 12, 2004

## CERTIFICATE OF SERVICE

I hereby certify that I have this 16th day of August, 2004, served a true and

accurate copy of the foregoing on counsel for the respondent, Kenneth Nelson, by

delivering by mail, postage prepaid to the respondent's counsel at the following address:

> Maura D. McLaughlin
> Assistant Attorney General
> Criminal Bureau
> One Ashburton Place
> Boston, Massachusetts  02108