SCANNED
DATE: 5/13-04
BY: FOIM

UNITED STATES DISTRICT COURT

MASSACHUSETTS DISTRICT                      NO

# 04-10732 JLT

MICHAEL CAPUTO
Petitioner

VS.

KENNETH NELSON
Superintendent, Bridgewater State Hospital

RECEIPT # 5579
AMOUNT $ 5
SUMMONS ISSUED ____
LOCAL RULE 4.1 ____
WAIVER FORM ____
MCF ISSUED ____
BY DPTY. CLK. ____
DATE ____

## MEMORANDUM – GROUND ONE

The police ask for permission to enter the defendant's home <u>to talk to him</u>. The scope of the consent requested was limited by the police request. The sole reason expressed by the police was to talk. The request placed limits on the authority sought. The defendant granted the request.

Once inside the police gave the defendant his <u>Miranda</u> warnings. When asked if he wished to speak to the police, the defendant said he did not wish to speak to them.

"It is well established that any intrusion upon a constitutionally protected privacy interest without a proper warrant is 'per se unreasonable under the Fourth Amendment subject only to a few specifically established exceptions.' [citations omitted]." <u>U.S. v. Donlin</u>, 982 F2n 11, 33 (1st Cir. 1992). " Consent to a search is one of the exceptions which obviates the need to a warrant." <u>Donlin,</u> supra at 33.

After the defendant chose not to talk, the police remained in the home. After several minutes passed the defendant asked the police the identity of the deceased. The Plymouth police said they did not know but Boston police were enroute and wished to talk to the defendant. The defendant again claimed the privilege by saying he did not want to incriminate himself and did not want to talk to Boston police. Thus when the defendant twice expressed his desire to remain silent and thereby indicated that he would not talk, the limits of the consent were reached and the authorization to be in the dwelling ended.

Michael Caputo vs. Kenneth Nelson
Memorandum – Ground One
Page 2 of 4.

In <u>Florida v. Jimeno</u>, 500 U.S. 248, 250 (1990) Chief Justice Rehnquist writes,

> The touchstone of the Fourth Amendment is reasonableness...Thus, we have long approved consensual searches because it is no doubt reasonable for the police to conduct a search once they have been permitted to do so. [citations omitted] The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of "objective" reasonableness-what would the typical reasonable person have understood by the exchange between the officer and the suspect? . The scope of a search is generally defined by its expressed object.

The express object of the police entry was to talk to the defendant. When it became clear that the defendant would not talk, the reason for the entry ended, along with the authority to be present inside the dwelling. A consent search is reasonable only if kept within the bounds of the actual consent. <u>U.S. v. Dichiarinte</u>, 445 F2nd 126, 129 (1971).

Here the police obtained consent to enter for the expressed and limited purpose to talk. Once inside, they were told that the purpose was not going to occur as the defendant told them twice of his desire to remain silent. After giving the defendant Miranda warnings twice the police ask if the defendant will talk . The police recount, "[H]e didn't want to speak to us." The police ignore the claim and remain inside. The defendant asks what is the problem, what has happened? The police explain the situation and inform the defendant that Boston want to speak to him. The defendant responds that he does not want to incriminate himself and did not want to say anything.

In spite of the defendant's claim of privilege thereby ending the authority to enter the police remain and in effect set up a base of operations in the house. The police acknowledge that the purpose for the visit was twofold, locate the defendant and make him available for Boston police to question (i.e. to seize the person of the defendant to the extent necessary to make him available to Boston).

Michael Caputo vs. Kenneth Nelson
Memorandum-Ground One
Page 3 of 4.

The following colloquy with the police is most enlightening:

Q. Why didn't you leave immediately upon determining that he was Michael Caputo and he was where you expected him to be?

A. We didn't leave because the Boston police had requested that we go there; if he was located, to notify them, so they could question him.

When they entered that house, given that the defendant was the prime suspect in a double homicide, and in light of the above response, the police intended to and did seize the defendant. Government agents may not obtain consent to search on the representation that they intend to look only for certain specified items and subsequently use that consent as a license to conduct a general exploratory search. U.S. v. Turner, 169 F.3d 84, 87 (1st Cir. 1999). In Dichia in re supra 129 nt. 3 the court opines,

> In our view, consent is a waiver of the right to demand that government agents obtain the authorization of a warrant to justify their search; and the need for a warrant is waived only to the extent granted by the defendant in his consent. A defendant's consent may limit the extent or scope of a warrantless search in the same way that the specifications of a warrant limit a search pursuant to that warrant.

The police ignore the defendant's claim of privilege and go on to say that they will get more information from the station regarding the Boston investigation and relay that information to the defendant. The police ignore the defendant and his federal constitutional rights. Continuing to overstay their welcome, two detectives go outside to search, leaving two uniformed officers inside, without authority. The detectives return and make a second call to the station. During this second call the defendant makes an incriminating statement, which leads to another statement at the police station.

Michael Caputo vs. Kenneth Nelson
Memorandum –Ground One
Page 4 of 4.

     These statements were obtained as a direct benefit from the violation of the defendant's rights as guaranteed by the Fourth Amendment to the U.S. Constitution and therefore must be suppressed.

> When a purpose is included in the [officer's] (sic) request, then the consent should be construed as authorizing only that intensity of police activity necessary to accomplish the stated purpose. Wayne R. LaFave, Search and Seizure 1 ( c ), at 620 (3rd ed. 1996). Turner, supra at 88.

     Respectfully submitted,

John J. Courtney
90 Salem Street
Malden, MA 02148
781-321-5700