UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2005 NOV 22  A 10: 58

U.S. DISTRICT COURT
DISTRICT OF MASS.

MICHAEL CAPUTO, )
    Petitioner )   CIVIL ACTION NO.
 )   04-10732-JLT
Vs. )
 )
KENNETH NELSON, )
    Respondent )

**PETITONER'S OBJECTION PURSUANT TO RULE 72, FED. R. CIV. P. TO U.S. MAGISTRATE JUDGE COLLINGS RECOMMENDATION TO DISMISS PETITION**

The petitioner hereby specifically objects to Magistrate Judges Recommendation as contained in his III C at pp. 11-17.

The petitioner reiterates and incorporates by reference his Argument II in Petitioner's Memorandum of Law In Support of His Petition.

Respectfully, neither the SJC nor the Magistrate Judge (MJ) make use of hindsight to capture an overview of what happened in Plymouth. Rather they each parse the episode into unrelated segments.

On the early morning in question the Plymouth police went to Ketch Road at the request of Boston police with knowledge that Caputo was the prime suspect in a double homicide. [Respondent's Supplemental Answer, Exhibit 6 p. 10; Resp. S.A., Ex. p.]

With this knowledge, they went there with two purposes in mind. First, they were attempting to locate Caputo; second, if located, to notify Boston so Boston could question him. [Resp. S.A., Ex 6, p. 18].

Caputo's "freedom of action was severly limited from the time that the police arrived at his house at approximately 6:25 a.m. until his arrest. The court rules that Caputo was entitled to a full Miranda warning priot to any police interrogation." [Resp. S.A. Ex 3, p. 12].

Purpose one has been successfully completed, the Plymouth police have located Caputo. Purpose two is to keep him available for Boston to question.

Caputo asks the identity of the deceased. [Resp. S.A. Ex 3, p. 4]. The police say they don't know but will try to get more information. [Resp. S.A. Ex 8 p. 11 (FN7). After making this inquiry, Caputo is given Miranda and he claims silence. Caputo is entitled to have this decision "serupulously honored". Michigan v. Mosley, 423 U.S. 96, 104 (1975).

In front of Caputo Plymouth Sgt. Morse calls the station and asks Lt. Fahey "if he had any further information concerning the homicide". [Resp. S.A. Ex. 3, p.5].

Caputo has asked a question; been told it will be answered after we call the station later; claims silence; then hears his question being posed to the station. It is ludicrous to say that in this setting, the phone call did not act as the equivalent of further conversation with the defendant about the homicide, a topic constitutionally precluded by Caputo's earlier claim of silence. It is obvious that Caputo thought the conversation about the homicide was continuing.

> "Thus, the Innis Court concluded that the goals of the Miranda safeguards could be effectuated if those safeguards extended not only to express questioning, but also to 'its functional equivalent': [citation omitted]. The Court explained the phrase 'functional equivalent' as including 'any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect.' [footnotes omitted]. Finally, it noted that '[t]he latter portion of this definition focuses primarily upon the perceptions of the suspect, rather than the intent of the police'." (emphasis added). Arizona v. Mauro, 481 U.S. 520, 526-527 (1987).

The Courts have failed to acknowledge that the police were having a running conversation with Caputo regarding the identity of the deceased and any other information Boston would offer. The conversation started before <u>Miranda</u> and continued after <u>Miranda</u> including the statements on the phone that caused Caputo to talk.

The use of the phone may have been 'normally attendant to arrest and custody' <u>Arizona v. Mauro</u>, supra 526, but the content of the statement made on the phone in the hearing of Caputo was not normally attendant to arrest and custody. Rather the content of the statement was the functional equivalent of questioning. It anticipates obtaining the information earlier requested by Caputo and passing it on to him in a continuing conversation about the double homicide, in violation of <u>Miranda.</u>

Finally, if the statement at the house goes out, the subsequent statement at the station must go. <u>Wong Sun v. U.S</u>. 371 U.S. 471 (1963).

For the above reasons the petitioner alleges the decision of the SJC and the recommendation of the MJ involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

WHEREFORE, petitioner moves his petition for habeas corpus pursuant to 28 U.S.C. § 2254 be allowed.

Respectfully submitted,

John J. Courtney   BBO 102460
90 Salem Street
Malden, MA  02148
781-321-5700

-3-

## CERTIFICATE OF SERVICE

I hereby certifiy that the attached **Petitioner's Objection Pursuant to Rule 72, Fed. R. Civ. P. To U.S. Magistrate Judge Collings Recommendation to Dismiss Petition** was mailed first class, postage prepaid to:

> Maura McLaughlin, Esquire
>
> Office of the Attorney General
>
> One Ashburton Place
>
> Boston, MA  02108.

*/s/ John J. Courtney*
John J. Courtney